**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
MITCHELL H. COHEN U.S. COURTHOUSE
P.O. BOX 2067
CAMDEN, NJ 08101-2067

JUDITH H. WIZMUR
U.S. BANKRUPTCY JUDGE

October 22, 2012

(856) 757-5126

Marc C. Capone, Esq.
Capone and Keefe, PC
60 Highway 71, Unit 2
Spring Lake Heights, NJ 07762

Timothy P. Duggan, Esq.
Stark & Stark
P.O. Box 5315
Princeton, NJ 08543-5315

      RE:  Branislav & Judith Licina
            Case No. 12-23003/JHW
            **LETTER OPINION**

Dear Counsel:

      You will recall that during the hearing in this matter held on October 19, 2012, I determined that the debtors were bound by the terms of the prepetition Forbearance Agreement that they had executed with Farm Credit East, ACA, including the provisions awarding attorneys' fees and establishing the appropriate contract rate. Upon further reflection, I must modify my earlier ruling with respect to the interest rate that the debtors must pay through their Chapter 13 plan.

      In a Chapter 13 case, the interest associated with a secured claim, as provided for under the Bankruptcy Code, can generally be divided into three categories: (1) prepetition interest; (2) post-petition, pre-confirmation interest, and (3) post-confirmation, plan interest. In re Milham, 141 F.3d 420, 422-23 (2d Cir. 1998). The appropriate prepetition interest rate is usually acknowledged to be the contractual rate provided for in the agreement at issue, to the extent permitted by nonbankruptcy law. The appropriate post-petition, pre-confirmation interest to be afforded is governed by 11 U.S.C. § 506(b). "The great majority of courts have concluded that the appropriate rate [under section 506(b)] should be the one provided in the parties' agreement or the applicable law under which the claim arose, the so-called 'contract rate' of interest." In re Madison 92nd Street Assocs. LLC, 472 B.R. 189, 197 (Bankr. S.D.N.Y. 2012). Here, notwithstanding the entry of foreclosure judgments against the two properties sought to be retained, the enforceable Forbearance Agreement entered into by the parties specifies that the contract rate of interest

shall apply. At issue here is the third category, the interest to be applied post-confirmation through the debtors' Chapter 13 plan.

The rate of interest to be provided through the debtors' plan covering the post-confirmation period is subject to the application of 11 U.S.C. §§ 1322(b)(2) and 1325(a)(5). Pursuant to Section 1322(b)(2), a debtor may modify the claim of a secured creditor, if, as here, the claim is secured by collateral beyond a security interest in the debtor's principal residence. Section 1325(a)(5) requires that the secured creditor either accept the plan or retain its lien while receiving equal monthly payments of the present value of its claim, or that the debtors must surrender the property. In this case, the debtors anticipate retaining their home while making payments to satisfy the foreclosure judgments against their residence and the Homestead, Florida property through their Chapter 13 plan. In order to determine the applicable post-confirmation interest rate necessary to provide the secured creditor with the present value of its allowed claim, we turn to Till v. SCS Credit Corp., 541 U.S. 465, 124 S. Ct. 1951, 158 L.Ed.2d 787 (2004).

In Till, the Supreme Court recognized that section 1325(a)(5)(B) requires that the payment received over the course of the debtors' plan equal or exceed the present value of the creditor's allowed secured claim, and that the debtors must employ a sufficient interest rate to compensate the creditor for the impact of inflation, the risk of nonpayment, and the loss of the creditor's ability to immediately use its money. Id. at 474, 124 S. Ct. at 1958. The Court adopted the formula approach, based on the national prime rate with a risk adjustment, which, in the Court's opinion, "reflect[s] the financial market's estimate of the amount a commercial bank should charge a creditworthy commercial borrower to compensate for the opportunity costs of the loan, the risk of inflation, and the relatively slight risk of default." Id. at 479, 124 S. Ct. at 1961. The risk referred to in Till is the risk that the debtors will not complete their Chapter 13 plan. The Court determined that the amount of the risk adjustment would depend "on such factors as the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan." Id.

As specified at the hearing, the debtor will submit an amended Chapter 13 plan by October 26, 2012. The lender may file an objection through November 16, 2012. Confirmation of the amended plan will be considered on Wednesday, November 28, 2012 at 2:00 p.m.

Very truly yours,

JUDITH H. WIZMUR
U.S. BANKRUPTCY JUDGE

JHW:tob
c:   Isabel C. Balboa